IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALERY ROZINSKY, *et al.*,

      Plaintiffs,

      v.                          Civil Action No. RDB-15-02408

ASSURANCE COMPANY OF AMERICA,

      Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Valery Rozinsky and Galina Rozinsky ("Plaintiffs" or "the Rozinskys") bring this two-count cause of action against Defendant Assurance Company of America ("Defendant" or "Assurance") asserting breach of contract (Count One) and loss of consortium (Count Two). Presently pending before this Court is Defendant's Motion to Dismiss Count Two of the Complaint (ECF No. 9). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant Assurance Company of America's Motion to Dismiss Count Two (ECF No. 9) is GRANTED, Count Two is DISMISSED WITH PREJUDICE, and the Plaintiff Galina Rozinsky is DISMISSED as a party in this action.

### BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). This case involves a dispute stemming from an automobile accident in which Plaintiff Valery Rozinsky ("Mr. Rozinsky") was injured.

Compl. ¶¶ 5, 8, ECF No. 2. Defendant Assurance issued the insurance policy for the automobile operated by Mr. Rozinsky. *Id.* ¶ 10. Mr. Rozinsky, individually, claims that Assurance breached this contract by failing to provide the required coverage pursuant to the uninsured/underinsured motorist ("UIM") provision of the insurance policy (Count One). *Id.* ¶ 12. Plaintiffs, jointly as husband and wife, assert a loss of consortium claim for the interference with their marital relationship due to the accident and resulting injuries to Mr. Rozinksy (Count Two). *Id.* ¶ 14.

On October 22, 2012, Mr. Rozinsky was operating a motor vehicle owned by his employer, Milhouse, LLC d/b/a Edible Arrangements ("Milhouse") in the Brenbrook Plaza Shopping Center in Baltimore County, Maryland. *Id.* ¶ 1. While driving through an intersection on the primary driveway of the shopping center, Mr. Rozinsky was allegedly struck by a vehicle operated by Paris David, Sr. ("David"). *Id.* ¶¶ 2-4. The collision was caused by David's negligent and reckless operation of his vehicle. *Id.* ¶ 5. Mr. Rozinsky suffered serious and permanent injuries to his head, neck, body, and limbs; required treatment of hospitals and physicians for the aforesaid injuries; incurred expenses for these treatments; and was unable to work as a result, thus suffering a loss of income. *Id.* ¶ 8.

At the time of the collision, David was insured with Government Employees Insurance Company ("GEICO") under an automobile insurance policy with primary liability coverage limits of $30,000. *Id.* ¶ 11. Mr. Rozinsky filed a lawsuit against David on June 12, 2014 in the Circuit Court for Baltimore County. Mot. to Dismiss, 2, ECF No. 9.[1] Mr.

---

[1] Defendant's Motion to Dismiss states that the Rozinskys settled with David after initiating a suit against David in the Circuit Court for Baltimore County. A court may consider "matters of public record" that are appropriate for judicial notice. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "State court

Rozinsky recovered the full policy limits recovery amount of $30,000 from GEICO. Compl. ¶ 11.

Mr. Rozinsky's employer, Milhouse, had a motor vehicle insurance policy through Assurance for the company vehicles. *Id.* ¶ 10. The policy provided for uninsured/underinsured motorist ("UIM") coverage, which stipulated that Assurance would "pay all sums, subject to policy limits, which the Plaintiffs would legally be entitled to recover as damages from the owner and/or operator of a motor vehicle resulting in bodily injury and whose limits of liability under all valid and collectible liability insurance policies is less than the amount of coverage provided by Assurance under the applicable portions of its underinsured motorist provisions covering the Plaintiffs." *Id.*

On June 22, 2015, Plaintiffs filed the subject Complaint in the Circuit Court for Baltimore County, Maryland. Notice of Removal 1, ECF No. 1. Assurance's agent received the Writ of Summons, Complaint and Civil Case information on July 20, 2015 and then timely removed the action to federal court pursuant to 28 U.S.C. § 1332. *Id.* Defendant now moves to dismiss Count Two, arguing that a loss of consortium claim cannot be asserted when the sole underlying claim is breach of contract. *See generally* Mot. to Dismiss.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the

---

filings are matters of public record." *Waugh Chapel South, LLC v. United Food & Commercial Workers Union Local 27,* 855 F.Supp.2d 476, 481 n. 2 (D.Md. 2012). As such, this Court will judicially notice the earlier state court action and may consider the existence of that suit in reviewing the pending motion.

dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal question marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 583, 584 (4th Cir. 2015)

4

(emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' loss of consortium claim on the ground that such a claim can only be asserted when attached to an underlying tort claim. As a preliminary matter, this Court must decide what law governs the present action. This Court notes that neither party discloses whether the contract specifies a governing law. In the absence of this information, this Court will apply the general rule that a federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941). Maryland adheres to the doctrine of *lex loci delicti,* which applies the law of the state in which the alleged injury occurred. *Laboratory Corp. of America v. Hood,* 911 A.2d 841, 845 (Md. 2006). Because Mr. Rozinsky's injury occurred in Maryland, this Court will apply Maryland law to Plaintiffs' loss of consortium claim. As Plaintiffs assert their derivative loss of consortium claim only accompanied by an underlying breach of contract claim, the loss of consortium claim must be dismissed.

A loss of consortium claim seeks damages for injury to the marital relationship, representing the "loss of society, affection, assistance, and conjugal fellowship." *Deems v. Western Maryland Ry. Co.*, 231 A.2d 514, 517 (Md. 1967). In Maryland, loss of consortium claims are "derivative of the injured spouse's claim for personal injury." *Oaks v. Connors*, 660 A.2d 423, 430 (Md. 1995). A loss of consortium claim thus "can only be asserted in a joint action for injury to the marital relationship [and] . . . [t]hat action is to be tried at the same

time as the individual action of the physically injured spouse." *Dehn v. Edgecombe*, 834 A.2d 146, 167 (Md. Ct. Spec. App. 2003) (quoting *Deems*, 213 A.2d at 514).

While loss of consortium claims typically arise from traditional negligence theories, Maryland has permitted derivative loss of consortium claims with other causes of action stemming from personal injury. The Maryland Court of Special Appeals extended loss of consortium claims to product liabilities cases, noting the minimal difference between the burdens of proof for both actions. *See Klein v. Sears, Roebuck & Co.*, 608 A.2d 1276, 1284 (Md. Ct. Spec. App. 1992) ("[A loss of consortium claim] must surely be maintainable in an action of strict liability in tort, which is distinguishable from a traditional negligence action only with respect to the proof required of the plaintiff"). The Maryland Court of Appeals also permitted a joint action for loss of consortium by a third party beneficiary where the injuries resulted from a breach of warranty under § 2-218 of the Maryland Commercial Code. *Phipps v. General Motors Corp.*, 363 A.2d 955, 965 (Md. 1976). However, in both cases, the loss of consortium claim was still predicated on the underlying action for personal injury.[2]

In contrast, a claim for "gap" coverage under a UIM provision looks only to the terms of the policy. *See Connors v. Gov't. Employees Ins. Co.*, 113 A.3d 162, 162 (Md. Ct. Spec. App. 2014) (analyzing the terms of the policy in order to determine whether the UIM coverage consisted of an "aggregate" policy limit of $300,000 or "per person" limit of

---

[2] In *Federal Kemper Insurance Co. v. Schneider*, 474 A.2d 224 (Md. Ct. Spec. App. 1984), the insured alleged a breach of contract claim for failure to pay uninsured motorist coverage along with a loss of consortium claim against the insurer. However, the Maryland Court of Special Appeals did not address the viability of bringing a loss of consortium claim with only an underlying breach of contract claim. The Court determined the plaintiff was not a "named insured" covered within the UIM provision of the insurance policy. *Id.* Therefore, the loss of consortium claim was moot. *Id.* There is no authority under Maryland law that permits an insured to bring a loss of consortium claim where the only direct claim is breach of contract against the insurer.

$300,000). Thus, "[a]n insured's claim against the insurer based on a policy's uninsured motorist coverage is a contract claim." *Reese v. State Farm Mutual Auto. Ins. Co.*, 403 A.2d 1229, 1232 (Md. 1979); *Erie Ins. Co. v. Curtis*, 623 A.2d 184 (Md. 1993). In *Reese*, the Court of Appeals rejected the contention that claims against an insurer for UIM coverage sounded in tort or required the insurer to recover damages from the tortfeasor prior to seeking recovery from the insurer. 403 A.2d at 1232. Instead, the insured "has the option of bringing a contract action against his insurer or a tort action against the uninsured motorist." *Id.*

Breach of contract claims and personal injury claims may co-exist, but they do so in the original personal injury action, where both the tortfeasor and the insurer are parties to the suit. The Maryland Court of Appeals has distinguished between the two claims, explaining that the negligence or personal injury claim looks to ascertain "the damages the plaintiff is entitled to from the tortfeasor's negligence." *Allstate Ins. Co. v. Miller*, 553 A.2d 1268, 1269 (Md. 1989). In contrast, the breach of contract claim determines "the amount owed to the insured from the insurer stemming from the insurance contract." *Id.* The presence of the insurer in the suit is merely to uphold the "contractual liability in the context of an uninsured motorist case." *Id.* at 1272. The Court of Appeals again distinguished between contract and tort damages in *Farley v. Allstate Ins. Co.*, 733 A.2d 1014, 1017 (Md. 1999), where the plaintiff alleged negligence against the tortfeasor for injuries stemming from an automobile accident, and breach of contract against the insurer, Allstate, for failure to pay the benefits under the UIM policy provision. After settling with the tortfeasor for the full policy limits under the tortfeasor's insurance policy, the plaintiff released the tortfeasor from the suit and proceeded solely against Allstate for breach of contract. *Id.* The Court then

held that in the absence of a controversy regarding the amount in coverage itself, the suit is "functionally . . . a tort case." *Id.* at 1019-1020. As such, the insurer was only liable pursuant to the terms of the contract and not for the excess damages stemming from the tortfeasor's negligence, including loss of consortium. *Id.*

In this case, the appropriate venue for the Rozinskys to assert a loss of consortium claim was in the personal injury suit against David. A loss of consortium claim is derivative of the underlying action for personal injury of the spouse and must be "tried at the same at the same time as the individual action of the physically injured spouse." *Dehn*, 834 A.2d at 167. Although Mr. Rozinsky's injuries stem from David's negligence, the issue presented to this Court in this case is whether Mr. Rozinsky is due payment from Assurance pursuant to the UIM terms of the policy. As explained in *Farley*, Assurance's liability derives from the terms of the UIM provision of the contract, and not the negligence of the tortfeasor. Accordingly, Plaintiffs have failed to state a claim of loss of consortium for which relief can be granted.

## CONCLUSION

For the reasons stated above, Defendant Assurance Company of America's Motion to Dismiss Count Two (ECF No. 9) is GRANTED, Count Two is DISMISSED WITH PREJUDICE, and the Plaintiff Galina Rozinsky is DISMISSED as a party in this action.

A separate Order follows.

Dated: March 4, 2016

_____
Richard D. Bennett
United States District Judge