IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALERY ROZINSKY,

    Plaintiff,

    v.                                         Civil Action No. RDB-15-2408

ASSURANCE COMPANY OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

The facts of this case have been set forth in this Court's prior Memorandum Opinion of March 4, 2016 (ECF No. 14). Plaintiff Valery Rozinsky ("Plaintiff" or "Mr. Rozinsky") has brought this action against Defendant Assurance Company of America ("Defendant" or "Assurance"), asserting one count of breach of contract in connection with an automobile accident on October 22, 2012, in which Mr. Rozinsky allegedly sustained injuries while operating a vehicle owned by his employer, Milhouse, LLC d/b/a Edible Arrangements ("Milhouse"), and insured under a motor vehicle insurance policy issued by Assurance. Compl., ECF No. 2. Mr. Rozinsky seeks to recover underinsured motorist benefits, pursuant to the policy's uninsured/underinsured motorist ("UIM") provision, which he claims Assurance "has refused to pay . . . for his damages resulting from the collision," "[i]n breach of its insurance contract." *Id.* at 12.

Mr. Rozinsky filed this action in the Circuit Court for Baltimore County, Maryland, but Assurance has removed this case to this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1. Initially, Mr. Rozinsky brought a

second count against Assurance, jointly with his wife, Galina Rozinsky, alleging loss of consortium in connection with the same accident and his subsequent injuries. Compl., ¶ 14, ECF No. 2. However, this Court has subsequently dismissed Court Two and, accordingly, has dismissed Galina Rozinsky as a party in this action. *See* March 4, 2016 Mem. Opinion and Order, ECF Nos. 14 & 15.

Currently pending before this Court is Assurance's Motion to Exclude Expert Testimony of Kathy Stone (ECF No. 27). As discussed *infra*, Ms. Stone has offered her opinion that, "[b]ased on Mr. Rozinsky's age, education, work history, transferable skills and [ ] physical limitations . . . he is, within a reasonable degree of vocational certainty, not a viable candidate for [vocational rehabilitation] services and . . . has no present earning capacity." Stone Report, p. 2, ECF No. 29-15. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Defendant Assurance Company of America's Motion to Exclude Expert Testimony of Kathy Stone (ECF No. 27) is DENIED. Mr. Rozinsky has established by a "preponderance of the evidence" that Ms. Stone's opinions satisfy Rule 702 of the Federal Rules of Evidence and the factors for the admissibility of expert testimony set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993), and recently confirmed by the United States Court of Appeals for the Fourth Circuit in *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017). This case shall proceed to a bench trial before this Court, beginning on <u>Tuesday, August 1, 2017</u>.

## **STANDARD OF REVIEW**

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Under Rule 702 . . . . [c]ourts are required to act as 'gatekeepers' to ensure that expert testimony is relevant and reliable." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017) (quoting *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993))). "[A] district court 'must conduct a preliminary assessment' to determine whether the methodology underlying the expert witness' testimony is valid." *Id.* (quoting *Daubert*, 509 U.S. at 592-93). The proponent of the expert testimony in question must establish admissibility "by a preponderance of proof." *Cooper*, 259 F.3d at 199 (citing *Daubert*, 509 U.S. at 592, n. 10).

The United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) set forth several factors for courts to consider in assessing the admissibility of expert testimony. The United States Court of Appeals for the Fourth Circuit has recently confirmed those factors in *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017):

> In assessing the validity of the methodology employed by a proposed expert witness, a court may consider whether the expert witness' theory or technique: (1) "can be or has been tested"; (2) "has been subjected to peer review and publication"; (3) "has a high known or potential rate of error"; and (4) is generally accepted "within a relevant scientific community."

3

(citing *Cooper*, 259 F.3d at 199). The *Daubert* factors are "neither definitive, nor exhaustive." *Cooper*, 259 F.3d at 199 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Rather, "[t]he district court must be granted 'considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.' " *United States v. McLean*, No. 16-4673, 2017 WL 2533381, at *1 (4th Cir. June 12, 2017) (quoting *United States v. Wilson*, 484 F.3d 267, 273 (4th Cir. 2007)).

## ANALYSIS

Assurance has moved to exclude the expert testimony of Kathy Stone, Mr. Rozinsky's expert in the field of vocational assessments. *See* Mot., p. 1, ECF No. 27. Ms. Stone has offered her opinion that, "[b]ased on Mr. Rozinsky's age, education, work history, transferable skills and [ ] physical limitations . . . he is, within a reasonable degree of vocational certainty, not a viable candidate for [vocational rehabilitation] services and . . . has no present earning capacity." Stone Report, p. 2, ECF No. 29-15. Assurance does not challenge Ms. Stone's underlying "principles and methods" or her qualifications as a vocational rehabilitation expert, but rather objects that Ms. Stone's opinion is "speculative" and "wholly inconsistent" with the fact that "Mr. Rozinsky has been working as a self-employed fingerprint technician since 2014 earning $485.32 per week . . . [and] continues to be employed in that capacity to this day." Mot., pp. 1-5, ECF No. 27.

For the reasons that follow, Mr. Rozinsky has established the admissibility of Ms. Stone's testimony "by a preponderance of the evidence." *Cooper*, 259 F.3d at 199 (citing *Daubert*, 509 U.S. at 592, n. 10). The United States Supreme Court has made clear in *Daubert* that this Court's inquiry under Rule 702 of the Federal Rules of Evidence is "a flexible one."

4

*Daubert*, 509 U.S. at 594. Additionally, the United States Court of Appeals for the Fourth Circuit has recently emphasized in *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017) that "[t]o determine whether an opinion of an expert witness satisfies *Daubert* scrutiny, courts may not evaluate the expert witness' conclusion itself, but only the opinion's underlying methodology." (citing *TFWS, Inc. v. Schaefer*, 325 F.3d 234, 240 (4th Cir. 2003)).

Ms. Stone holds a Bachelor of Science degree in Sociology from Shepherd College and has attained numerous accreditations, including certification through the United States Department of Labor as a Rehabilitation Counselor. Stone Vita, pp. 3-4, ECF No. 29-15. She is a Certified Disability Management Specialist, has worked as a Vocational Counselor at Stone Vocational Services, LLC since 1995, and has served on numerous Maryland state workers' compensation and rehabilitation committees. *Id.* She routinely offers expert testimony on "employability and wage earning potential." Stone Dep., p. 8, ECF No. 27-2.

In reaching her conclusions in this case, Ms. Stone conducted several phone interviews with Mr. Rozinsky; reviewed multiple medical records, including the reports of multiple orthopedic surgeons; conducted a "transferable skills analysis" and "labor market research;" and "reviewed Bureau of Labor Statistics." *Id.* at 14. She has described the "transferable skills analysis" as follows:

> Transferable skills analysis is where you take the job history that's been described by the client and you match that history up with Department of Labor [Dictionary of Occupational Titles ("DOT")] numbers . . . . Those DOT numbers provide you information regarding the skill level of the job. The reasoning, math and language skills for the job. The physical demands of the job and a description of the job itself. Once you have that information, you then factor in any medical restrictions for work that you've been provided, thus leaving any alternative occupations that the individual can now perform using the same skills, but within a more physically suitable occupation.

5

*Id.* at 15-16. Although Ms. Stone acknowledges that Mr. Rozinsky "is skilled," she has concluded, based on this analysis, that he could perform "none of those jobs," nor could he perform "any job that he qualifies for, based upon . . . his skills and education, given [his] limitations." Assurance does not contend that the transferable skills analysis is not a product of "reliable principles and methods." *See* Fed. R. Evid. 702(c). Indeed, both the United States Court of Appeals for the Fourth Circuit and this Court have relied upon similar assessments in previous cases. *See, e.g., Mullins v. AT & T Corp.*, 424 F. App'x 217, 224 (4th Cir. 2011); *Cossio v. Life Ins. Co. of N. Am.*, 240 F. Supp. 2d 388, 395 (D. Md. 2002).

As discussed *supra*, the thrust of Assurance's argument is that Ms. Stone's report ignores the fact that Mr. Rozinsky is in fact self-employed as a "fingerprint technician," allegedly "earning $485.32 per week." *See* Mot., p. 1, ECF No. 27. The Supreme Court of the United States has held that this Court's "gatekeeping inquiry" under Rule 702 of the Federal Rules of Evidence and *Daubert* "must be 'tied to the facts' of a particular 'case.' " *Kumho Tire Co.*, 526 U.S. at 150 (quoting *Daubert*, 509 U.S. at 591). "Rule 702 grants the district judge the discretionary authority . . . to determine reliability *in light of the particular facts and circumstances of the particular case*." *Id.* at 158 (emphasis added).

Contrary to Assurance's objections, Ms. Stone has in fact considered Mr. Rozinsky's alleged self-employment in reaching her final opinions in this case. Ms. Stone has testified that, upon learning that Mr. Rozinsky was working, she "was shocked" and "called him several times to discuss the job with him." Stone Dep., p. 23, ECF No. 27-2. Although she "applaud[s] him for attempting this work," she still concludes that it "physically . . . exceeds" the restrictions outlined in his medical reports. *Id.* at 23. Ms. Stone has testified, based on

her experience, that she has "frequently seen clients" similarly "ignore [their] limitations . . . and return to work," only to find themselves again seeking workers' compensation years later with an "exacerbated" condition. *Id.* at 23-24. In a report dated June 28, 2016, she has confirmed that her "opinion remains unchanged" that Rozinsky "has no present earning capacity," in part because of "the 50% survival rate [for small businesses like his] and that his work leads are still provided by an outside source . . . which his tax records demonstrate." Indeed, Mr. Rozinsky has provided his tax returns, which reflect total earnings of $941.00 from his fingerprinting business in 2014 (ECF No. 29-11); a total loss of $6,661.00 in 2015 (ECF No. 29-13); and a total loss of $31,945.00 in 2016 (ECF No. 29-14).

For these reasons, Mr. Rozinsky has established the admissibility of Ms. Stone's testimony "by a preponderance of the evidence." Applying "reliable principles and methods" and her own "specialized knowledge," she has concluded that Mr. Rozinsky has "no present earning capacity," based on his "age, education, work history, transferable skills[,] and . . . physical limitations" outlined in his medical records. Having thoroughly considered Mr. Rozinsky's self-employment as a fingerprinting technician, her conclusion remains unchanged for the reasons outlined *supra*. To the extent Assurance argues that Mr. Rozinsky's fingerprinting business is actually more profitable than this evidence, reviewed by Ms. Stone, reflects, the Fourth Circuit has recently made clear in *Bresler*, 855 F.3d at 195, that " 'questions regarding the *factual underpinnings* of the [expert witness'] opinion affect the *weight and credibility*' of the witness' assessment, '*not its admissibility.*' " (quoting *Structural Polymer Grp. v. Zoltek Corp.*, 543 F.3d 987, 997 (8th Cir. 2008)) (emphasis added).

7

## **CONCLUSION**

For these reasons, Defendant Assurance Company of America's Motion to Exclude Expert Testimony of Kathy Stone (ECF No. 27) is DENIED. Mr. Rozinsky has established by a "preponderance of the evidence" that Ms. Stone's opinions satisfy Rule 702 of the Federal Rules of Evidence and the factors for the admissibility of expert testimony set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993), and recently confirmed by the United States Court of Appeals for the Fourth Circuit in *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017). This case shall proceed to a bench trial before this Court, beginning on Tuesday, August 1, 2017.

A separate Order follows.

Dated: July 21, 2017 \_\_\_\_/s/_____
Richard D. Bennett
United States District Judge